[Crim. No. 13158.    Second Dist., Div. Four.    Dec. 18, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES WENDELL WASHINGTON et al., Defendants and Appellants.

Herbert A. Moss, under appointment by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Michael J. Smolen, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—Appellants Washington and Wilson, together with their codefendant Davenport, were tried by a jury and convicted of burglary (Pen. Code, § 459). These appeals are from the judgments.

At 1:15 a.m. on February 18, 1966, police officers saw Davenport and Wilson outside the entrance of a clothing store pulling something through the broken glass of the door. The men fled as the police approached, but were quickly apprehended.

At the curb was an automobile, with the motor running. Inside its open trunk were 20 men's suits. This vehicle was registered in the name of appellant Wilson's brother.

The officers saw another figure inside the store when they first approached. After a search they found appellant Washington inside the building hiding in a cardboard box covered with green canvas garment bags.

At the trial neither Wilson nor Davenport testified. Wash-

ington testified that he was very drunk, and couldn't remember anything that had happened that night.

■ It was a question of fact for the jury to determine whether Washington had the intent which is an element of the crime of burglary. The jury was instructed, in conformity with Penal Code, section 26, that it might take into consideration the evidence of Washington's intoxication in determining whether he had such intent. The circumstantial evidence indicates that Washington had entered the building and had collected a considerable number of men's suits which he handed through the broken glass to his confederates on the outside. It also appears that when the police arrived he had sufficient comprehension to find a box, crouch inside of it, and pull canvas over the top. The jury was of course not required to accept at face value the self-serving testimony of the defendant, and of his mother and wife, as to the extent of his intoxication. The jury's determination was not an unreasonable one, and cannot be upset by this appellate court. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

■ Appellant Wilson asks a retrial upon the ground that he was denied the right to represent himself. The record shows that Davenport was represented by the public defender, Washington by Attorney Joseph Rosen, and Wilson by Attorney Philip Erbsen, all appointed by the court.

The first expression of dissatisfaction on the part of Wilson appeared at the very end of the People's case on the second day of the trial.[1] After the arresting officer had completed his testimony and counsel had agreed that the witness might be excused, Wilson demanded that the officer remain on call. He added, "Your Honor, I move to fire this lawyer." The ensuing colloquy disclosed that the reason for this outburst was that Mr. Erbsen had declined to ask the officer a particular question which Wilson had suggested, namely, "Was the store next door broken into?" The court attempted to persuade Wilson that it was in his interest to rely upon counsel, and when Wilson persisted in his demand the court said: "Well, the Court has observed the defendant Wilson in this courtroom, and he apparently is not able to conduct himself

---

[1]The clerk's minutes for the first day of the trial, May 12, 1966, contain this language: "Cause is called for trial. Defendant Wilson motion to proceed propria persona is denied."

The reporter's transcript for May 12 shows no such motion. It does show that defendant Davenport asked the court for "another Public Defender." That request was denied by the court.

properly, and in the Court's opinion he is not qualified to represent himself, and the Court will so hold.

"     .    .    .    .    .    .    .    .    .    .    .    .    .

"As far as this Court is concerned, the Court considers that you are well represented and that you are not emotionally qualified to represent yourself."

Wilson then said: "Your Honor, I would like to know would it be possible that you could grant me to call another lawyer? I do have another one for tomorrow provided I can use the telephone immediately."

After some further discussion the court said: "No lawyer could come into a trial in the middle of it and represent a client competently.

"We will adjourn this case."

The next day the promised substitute did not appear. Mr. Erbsen attempted to proceed with the defense by calling Wilson as his own witness. Then followed a colloquy at the bench in which Wilson again said he wanted to dismiss his attorney, and then added that he would like to subpena the arrest record from the police department. The court responded that counsel had examined it.[2]

Wilson then told the court he would like to take the stand, but would not do so until he could represent himself.

Defendant Washington then put on his defense.

After the other defendants had rested, the court, outside the presence of the jury, again offered Wilson the opportunity to testify. Wilson replied (in part): "There was a question I wanted to bring out that wasn't brought out. This is why the conflict is between me and the attorney that is representing me."

The court again explained to Wilson that Mr. Erbsen was an excellent attorney. Wilson responded: "Yes, I don't doubt that, your Honor, and I understand that, but, like I say, effective counsel, if I could contact him or get effective counsel, I would testify."

After a private conference between Wilson and Mr. Erbsen, the latter informed the court "Defendant does not want to testify at this time."

This is a case in which the defendant made a demand for removal of the attorney at a point when no one else could have undertaken the responsibility without requesting an

___

[2]The previous day Attorney Erbsen had demanded production of the police report, the district attorney had agreed to produce it and the court had so ordered.

adjournment in order to have time to prepare. The record supports the trial court's view that Wilson's request was not a rational one, but was an emotional reaction to his attorney's refusal to ask a question upon a patently irrelevant subject. Whatever Wilson's intellectual level may be, his colloquy with the court indicates either a serious lack of insight and judgment, or a deliberate attempt to disrupt the trial. Wilson vacillated between a demand to represent himself and a request for another attorney. Had either request been granted at that stage, the court would have been faced with a request for time to prepare. (See *People* v. *Maddox*, 67 Cal.2d 647. 653 [63 Cal.Rptr. 371, 433 P.2d 163].) A postponement at that point in the trial would have been unfair to the other defendants and to the People.

There is not the slightest reason to believe, from this record, that Wilson's case could have been improved by the dismissal of his attorney. Wilson's claim that he could not testify while represented by counsel is too transparent for comment.

The record amply supports the finding of the trial court that Wilson's demand did not constitute an informed and intelligent waiver of counsel.

This court is satisfied, from a review of the record, that the appellants were fairly convicted and there is no merit in either appeal.

The judgments are affirmed. The order denying Wilson's motion for a new trial being nonappealable, the appeal therefrom is dismissed.

Jefferson, J., and Kingsley, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 14, 1968.